Opinion by
Judge Hargis :
The appellant, Madison Todd, held the executory contract with the appellees for the 300 acres of land more than ten years without suit to enforce it. They rented and listed the land for taxes during the greater part of that time, and the appellee, D. F. Todd, shows his ability to have discharged to a considerable extent the purchase-money and his payment to the appellant, in *350 cash and whisky, of a sum which is not shown by the latter to have been appropriated to any other purpose than his reimbursement for sums paid by him on the land.
Appellant testified that the paper of February 5, 1868, was a forgery, and afterwards admitted that it was genuine. The paper contradicts the statement of himself and his son, Lindsay Todd, to the effect that the executory contract was delivered on the day of its execution, and it also contains the agreement to pay D. F. Todd $30 per acre for said 300 acres of land. The language of the promise is, “I am to pay” and clearly negatives the idea that the payment had been previously made, and without allegation or proof of fraud or mistake in its execution the promise must be treated as relating to a future payment of the $9,000, which is wholly inconsistent with the alleged settlement and payment of that sum before the execution of the contract of January 7, 1868.
The agreement of D. F. Todd to acknowledge the receipt of the money at the time of making the deed as stated by the appellant in the paper of February 5, 1868, is, to some extent, obscure, because of its uselessness and failure to disclose the object of the parties, by its insertion; yet it is not inconsistent with appellant’s promise to pay the consideration for the land subsequent to the date of that paper, which must be construed according to the ordinary rules of construction.
The two papers mentioned are inconsistent with each other, and the only solution of their disagreement in the light of the contradictory evidence is that the paper of January 7, 1868, with the acknowledgment of the receipt of the consideration for the land stated in it, was delivered to the appellant to enable him to hold the land against any claims of the government growing out of the violation of the revenue laws by D. F. Todd, and that the paper dated February 5, 1868, embracing a statement that the consideration was not paid, was delivered to the appellee, D'. F. Todd, to protect him against the inconstancy of the appellant, should he undertake to claim the land under the paper held by him.
But whether we are right in this conjecture or not, by the execution of the paper of February 5, 1868, the appellant has placed upon himself the burden of proving payment by him of the consideration named in it. That paper, having been executed *351 last, controls the inconsistent expressions contained in the first; and the extraneous oral evidence of payment, not wholly satisfactory and entirely denied by the testimony introduced by appellees, is not sufficient to authorize this court to disturb the judgment.

W. B. Smith, for appellant.

C. F. & A. R. Burnam, for appellees.

Wherefore it is affirmed.